UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LAURIE R. BERQUIST,

               Plaintiff,

       v.

LORETTA E. LYNCH,

               Defendant.

No.    14-CV-00295-SMJ

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Loretta E. Lynch's Motion for Summary Judgment, ECF No. 56. In this case, Plaintiff alleges reasonable accommodation and retaliatory termination claims under the Rehabilitation Act, 29 U.S.C. § 791 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq* against her former employer the United States Trustee Program (USTP). Defendant moves for summary judgment on all of Plaintiff's claims, arguing that: (1) Plaintiff's reasonable accommodation claim fails because Plaintiff was not qualified for her position and because she acted in bad faith during the accommodation process; (2) Plaintiff's retaliation claim fails because Defendant has stated legitimate reasons for terminating Plaintiff; and (3) Plaintiff's claims are barred by the doctrine of judicial estoppel. Because disputed issues of material

ORDER - 1

fact remain with respect to Plaintiff's reasonable accommodation and retaliation claims, and Plaintiff's claims are not barred by judicial estoppel, the Court denies Defendant's motion

## I.    BACKGROUND

**A.    Factual Background**

Laurie Berquist began working as a law clerk for the office of the U.S. Trustee in Spokane in 1997.  In early 2010, Plaintiff began to exhibit symptoms of a then-undiagnosed health condition, which impacted major life activities and her ability to regularly attend her normal work schedule. Between 2010 and 2011, Berquist took an average of 7 weeks of leave per year allegedly because she had a variety of medical conditions that made her unable to work.

In March 2012, Plaintiff was diagnosed with a thyroid disorder. She also began to experience additional symptoms possibly related to this disorder such as syncopal episodes, clinical depression, and sleep disorder. These conditions continued to substantially limit many of Plaintiff's major life activities. Defendant issued a "Leave Restriction Memorandum" in July of 2012. The memorandum outlined the existing procedures for approval of paid medical and annual leave, and stated that Plaintiff would be held to these procedures, and provided that Plaintiff was no longer eligible for a compressed or flexible work schedule. The

memorandum further required Plaintiff to substantiate any unscheduled medical leave with doctors' certificates.

In September 2012, Plaintiff was granted medical leave through December 2012 under the Family Medical Leave Act (FMLA). On November 30, 2012, Plaintiff requested an extension of this leave of absence. Defendant asked for an expected return to work date and documents detailing the nature and severity of Plaintiff's condition, the length of time it may last, and any anticipated treatments.

Plaintiff's psychologist sent a letter to Defendant on December 12, 2012 stating that Plaintiff "is suffering from a number of medical conditions," and, in her opinion, Plaintiff "is not able to return to full working capacity at this time." On January 1, 2013, Plaintiff informed Defendant that she expected to return to work on February 4, 2013. In a letter dated January 28, 2013, Plaintiff's internal medicine specialist provided information regarding Plaintiff's specific medical conditions and a return to work estimate of July 2013. On February 1, 2013, Plaintiff informed Defendant that she would not be returning to work on February 4, 2013, and that she would like to request unpaid leave through July 2013. On the same day Defendant informed Plaintiff that her previous request for an extension of leave without pay was denied, and that she had been considered absent without leave as of December 20, 2012.

On June 5, 2013, Defendant formally proposed Plaintiff's termination from employment. As primary reasons for dismissal, Defendant cited to Plaintiff's approximate 888 total hours of absence and the serious loss of confidence in Plaintiff's ability to report to work on July 1, 2013 or thereafter.

On July 1, 2013, Plaintiff returned to work full-time. After returning to work full-time, Plaintiff again did not comply with the requirements set out in the July 2010 Leave Restriction Memorandum.

On September 24, 2013, the June 5 removal proposal was adopted and Plaintiff's employment was terminated.

**B.    Procedural History**

Plaintiff filed her complaint on September 9, 2014, and Defendant answered on November 21, 2014. ECF Nos. 1, 4. Plaintiff moved for summary judgment on May 5, 2015. ECF No. 13. This Court denied Plaintiff's motion in an order dated August 14, 2015. ECF No. 41. Defendant filed this motion for summary judgment on November 23, 2015, ECF No. 56, Plaintiff responded on December 14, 2015, ECF No. 74, and Defendant filed a reply on January 19, 2016, ECF No. 96.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has moved for summary judgment, the opposing party must point to specific facts establishing that there is a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make such a showing for any of the elements essential to its case for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Id.* at 322. When considering a motion for summary judgment, the Court does not weigh the evidence or assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III.    DISCUSSION

**A.    Reasonable Accommodation**

In order to make a prima facie reasonable accommodation claim, a plaintiff must show that (1) she suffers from a disability within the meaning of the Act, (2) she is a qualified individual inasmuch as she is able to perform the essential functions of her job with or without reasonable accommodation, and (3) she suffered an adverse employment action solely because of her disability. *Walton v.*

*United States Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007). Defendant argues that Berquest's reasonable accommodation claim must fail because she was not qualified for her position and because she acted in bad faith during the accommodation process.

**1.      Defendant has not established that Plaintiff was unqualified.**

To be a qualified individual under the Rehabilitation Act the disabled individual must have "requisite skill, experience, education and other job related requirements." 29 C.F.R. §1630.2(m); *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 990 (9th Cir. 2007). Additionally, the disabled individual must be able to perform the "essential functions" of the position, with or without reasonable accommodation. 42 U.S.C. §12111(8); *see Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1135 (9th Cir. 2001).

Defendant does not argue that Plaintiff lacked the skill, experience, or education required for her job. In fact, it appears to be undisputed that Plaintiff held the requisite skills, experience, and education to perform the job. ECF No. 41 at 11. Instead, Defendant argues that Plaintiff was not qualified because regular attendance is itself an essential job function that Plaintiff was not able to perform. ECF No. 56 at 14.

The court already considered this issue in connection with Plaintiff's motion for summary judgment, holding that regular and predictable attendance is

not per se an essential function of all jobs, and finding that neither party had established that summary judgment was appropriate on the question whether Berquist was qualified for her position. ECF No. 41 at 12–13. For the reasons discussed below, the Court's conclusion remains the same.

Defendant cites *Sampler v. Providence St. Vincent Medical Center*, to support its argument here, quoting that court's statement that "[i]t is a rather common sense idea that if one is not able to be at work, one cannot be a qualified individual." 675 F.3d 1233, 1237 (9th Cir. 2012). But *Sampler* does not stand for the proposition that regular attendance is per se an essential function of all jobs. Instead, *Sampler* holds that irregular attendance may compromise essential functions in many jobs, but that regular attendance is not required for all jobs. *Id.* at 1237–39. After citing a number of cases holding that specific jobs required regular attendance, the court proceeded to evaluate whether regular attendance was required for the plaintiff's job as a neo-natal nurse, concluding that it was. *Id.* at 1239.

Defendant has not pointed to facts sufficient to show that regular attendance is an essential job function for a legal assistant at the U.S. Trustee Program or that Plaintiff is incapable of meeting the attendance requirement for the job. Even if Defendant had presented such evidence, plaintiff has produced evidence tending to show that regular attendance may not be required: specifically, that the U.S.

Trustee Program had provided extended leave to many other employees, including legal assistants, and that she and other employees were allowed to work flexible schedules and to telework. ECF No. 74 at 4–5. Accordingly, at a minimum, material issues of disputed fact remain concerning whether Plaintiff was qualified for her position.

### 2. Defendant has not established that Plaintiff acted in bad faith.

The ADA requires a process of "communication and good-faith exploration of possible accommodations between employers and individual employees" commonly called the interactive process. *Humphrey*, 239 F.3d at 1137 (citing *Barnett*, 228 F.3d 1105 at 1114-15). Typically, a breakdown in the process is the result of a party to the process not engaging in good faith. *See Smith v. Midland Brake, Inc.,* 180 F.3d 1154, 1172 (citing *Beck v. University of Wisconsin Bd. of Regents*, 75 F. 3d 1130, 1135 (7th Cir. 1996) (instructing courts to isolate the cause of a breakdown and assign responsibility by identifying the bad faith engagement of one of the parties)).

Defendant argues that Plaintiff obstructed this process by acting in bad faith, justifying Defendant's refusal to continue to accommodate her. ECF No. 56 at 15. Specifically, Defendant argues that Plaintiff (1) admitted she lied about visiting her mother in the hospital and then testified she was "sure" she lied at other times to USTP because "everyone lies"; (2) refused to provide details about

the medical conditions and documentation to support leave requests; (3) made conflicting statements to USTP concerning when she could return to work; (4) provided multiple, different return to work days; (5) violated leave restriction protocol on multiple occasions; and (6) took a trip to Florida for two weeks at the same time she claimed she couldn't get out of bed because of syncope episodes. ECF No. 56 at 15–17. Plaintiff disputes these allegations, pointing to evidence that she did provide information concerning her medical conditions and documentation to support her leave requests and arguing that she was honest and forthcoming throughout the process. ECF No. 74 at 6–7. Plaintiff further argues that it was Defendant that acted in bad faith. ECF No. 74 at 9.

As was the case when the court decided Plaintiff's motion from summary judgment, it is clear that there was a breakdown somewhere in this interactive process, but it remains unclear whether the breakdown was caused by the bad-faith or obstructive behavior of Plaintiff or Defendant. Reasonable minds could differ on whether either party made sufficient efforts in good faith to explore possible accommodation.

### 3. Defendant is not entitled to summary judgment on the basis that Plaintiff was reasonably accommodated for three years.

Defendant argues that "[t]he USTP's decision to provide every accommodation Plaintiff requested for nearly three years amply demonstrates that the agency acted reasonably and in good faith," and that "[a]n employer is not

required to continue to offer accommodations after a lengthy period of unsuccessful accommodations." ECF No. 56 at 17. While failure of past accommodation may be relevant to an employer's determination of what, if any, alternate accommodation may be available, it does not relieve the employer of its continuing obligation to engage in the interactive process. *See Humphrey*, 239 F.3d at 1138 ("[T]he employer's obligation to engage in the interactive process extends beyond the first attempt at accommodation and continues when the employee asks for a different accommodation or where the employer is aware that the initial accommodation is failing and further accommodation is needed."). Accordingly, if USTP reasonably accommodated Plaintiff's health issues for three years, it would not be dispositive of whether USTP continued to make the required efforts to engage in the interactive process and reasonably accommodate Plaintiff.

**B.    Defendant Is Not Entitled to Summary Judgment on Plaintiff's Retaliation Claim.**

To make a prima facie case of retaliation under the Rehabilitation Act, a plaintiff must show "(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003). "Once the plaintiff establishes a prima facie case, the employer has the burden to 'present legitimate reasons for the adverse employment action.'" *Coons v. Sec'y of U.S. Dep't of Treasury*, 383

F.3d 879, 887 (2004) (quoting *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000)). If the employer meets its burden, the burden shifts again to the Plaintiff to show that the employer's stated reasons for the adverse action were pretext. *See id.*

Defendant cites a number of allegedly permissible reasons for firing plaintiff, including excessive unscheduled absences, failure to communicate, and making inconsistent statements about her need to be absent based on her medical conditions. ECF NO. 56 at 11–12. Defendant argues that these reasons are sufficient to show that its decision to terminate Plaintiff was permissible and that there is no evidence that Plaintiff's termination was pretext for discrimination. ECF No. 56 at 20. Plaintiff, however, disputes the legitimacy of each of Defendant's stated basis for her termination. ECF No. 74 at 15–18.

The Court concludes that disputed material issues of fact remain concerning the actual basis for Plaintiff's termination, and summary judgment is not appropriate on this claim.

**C.    Judicial Estoppel Does Not Bar Plaintiff's Claims**

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *United States v. Kim*, 806 F.3d 1161, 1167 (9th Cir. 2015) (quoting *Hamilton v. State Farm Fire & Cas. Co.*,

270 F.3d 778, 782 (9ᵗʰ Cir. 2001)). To determine whether judicial estoppel applies, the Court considers whether: (1) a party's later position is "clearly inconsistent with its earlier position"; (2) the party succeeded in its prior position; and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001) (citations omitted).

Defendant argues that judicial estoppel bars Plaintiff's claims because she allegedly made prior statements or claims to Defendant and the Social Security Administration that are "clearly inconsistent" with her claims in this case. ECF No. 56 at 19. Defendant relies on the inconsistencies between Plaintiff's October 2013 statement to Washington's Employment Security Department that "there was no reason for [the USTP] to fire me since my health issues were under control" and her statements to the Social Security Administration and in this action that she was unable to work as of September 27, 2013. ECF No. 56 at 19.

Plaintiff argues that her statement to the Employment Security Department, viewed in context is not inconsistent with her later statements and is, at worst, the result of inadvertence or mistake. ECF No. 74 at 12–13. She further explains that, even if she believed she could work in October 2013, with the benefit of hindsight and a better understanding of her mental health, she had a sound basis for changing that opinion. ECF No. 74 at 14.

1    While the apparent inconsistencies in Plaintiff's statements are concerning,

2 the Court cannot conclude that Plaintiff's current position is so clearly

3 inconsistent with a prior position that it "amount[s] to an affront on the court."

4 *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 235 F.3d 1184, 1190 (9th Cir.

5 2000); *see also New Hampshire*, 532 U.S. at 750–51. Additionally, Defendant has

6 not demonstrated how Plaintiff would obtain an unfair advantage or impose an

7 unfair detriment on Defendant if her claims are not estopped. Contrary to

8 Defendant's argument, Plaintiff's inconsistent statements do not prevent

9 Defendant from "meaningfully evaluat[ing] Plaintiff's liability and damage

10 claims." ECF No. 56 at 19. Defendant is certainly capable of considering and

11 taking a litigation position on Plaintiff's statements about when she could work

12 and the importance of the statements with respect to issues of liability and

13 damages.

14    Accordingly, Plaintiff's claims are not barred by judicial estoppel.

15    **IV.    <u>CONCLUSION</u>**

16    Viewing the facts in the light most favorable to Plaintiff, the Court finds

17 that genuine disputes of material facts preclude summary judgment in favor of the

18 Defendant. The Court also concludes that Plaintiff's claims are not barred by the

19 doctrine of judicial estoppel.

20    Accordingly, **IT IS HEREBY ORDERED**:

ORDER - 13

1.    Defendant's Motion for Summary Judgment, **ECF No. 56**, is **DENIED.**

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 19th day of August 2016.

_____

SALVADOR MENDOZA, JR.
United States District Judge

ORDER **-** 14